## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| HADARI COHEN, as Personal Representative of the Estate of Shirley Cohen, | ) ) ) ) | |
| Plaintiff, | ) ) | Middle District of Florida Case No. 8:22-cv-00866-SDM-TGW |
| v. | ) ) | Hon. Steven D. Merryday |
| KEY AUTOMOTIVE OF FLORIDA, LLC f/k/a KEY AUTOMOTIVE OF FLORIDA, INC.; and KEY SAFETY SYSTEMS, INC. d/b/a JOYSON SAFETY SYSTEMS, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**BUSH SEYFERTH PLLC**
William E. McDonald (P76709)
Attorney for Non-party Subpoena
Recipient General Motors LLC
100 W. Big Beaver Rd., Suite 400
Troy, MI 48084
Tel: (248) 822-7800
mcdonald@bsplaw.com
_____

## NON-PARTY GENERAL MOTORS LLC'S MOTION TO QUASH PLAINTIFF HADARI COHEN'S SUBPOENA TO PRODUCE DOCUMENTS

Non-party General Motors LLC ("GM") moves to quash Plaintiff's subpoena

under Fed. R. Civ. P. 45(d)(3). The subpoena, which was issued by the Middle

1

District of Florida, commands GM to produce documents allegedly relating to the underlying litigation, *Cohen v. Key Automotive of Florida, LLC, et al.*, No. 8:22-cv-00866-SDM-TGW (M.D. Fla.). For the reasons set forth in the accompanying brief, this Court should quash Plaintiff's subpoena.

GM sought Plaintiff's concurrence in the relief requested by this motion, but it was not granted.

Respectfully submitted,

/s/ *William E. McDonald*

William E. McDonald (P76709)
**BUSH SEYFERTH PLLC**
100 W. Big Beaver Rd.,
Suite 400 Troy, MI 48084
Tel: (248) 822-7800
mcdonald@bsplaw.com

Dated: May 7, 2024

## <u>ISSUE PRESENTED</u>

1. Whether this Court should quash the subpoena for the production of documents by non-party General Motors LLC when the subpoena seeks information or documentation that is irrelevant to the underlying lawsuit, and the request imposes an undue burden on non-party GM to produce broadly defined information available from other sources?

   The Court should answer: "Yes."

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Cases:**

*Bäumer v. Schmidt*, 423 F. Supp. 3d 393 (E.D. Mich. 2019).

*Braxton v. Heritier*, No. 14-12054, 2015 WL 5123613 (E.D. Mich Aug. 31, 2015).

*Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251 (S.D. Ohio 2011).

*V Cars, LLC v. Israel Corp.*, No. 11-50984, 2011 WL 900309 (E.D. Mich. 2011).

**Rules:**

Fed. R. Civ. P. 26

Fed. R. Civ. P. 45

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................2

ARGUMENT ......................................................................................................4

   I.   Legal Standard ........................................................................................4

   II.   Analysis ...................................................................................................6

     A.   GM did not manufacture or sell the Alfa Romeo involved in Ms. Cohen's accident, is not a party to the underlying lawsuit, and has no interest in its resolution, and therefore the evidence sought by Plaintiff is irrelevant..............6

     B.   Producing the requested information will unduly burden GM when the documentation sought is irrelevant, overbroad, and cumulative of evidence that can be obtained from Defendants. ...................................................................11

CONCLUSION ...................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Aslani v. Sparrow Health Sys.*,
  No. 08-298, 2009 WL 5892914 (W.D. Mich. Nov. 30, 2009).............................5

*Bäumer v. Schmidt*,
   423 F. Supp. 3d 393 (E.D. Mich. 2019) ....................................................... 11,13

*Braxton v. Heritier*,
  No. 14-12054, 2015 WL 5123613 (E.D. Mich. Aug. 31, 2015) ................ 8,11,15

*Cusumano v. Microsoft Corp.*,
  162 F.3d 708 (1st Cir. 1998) ...............................................................................15

*E.E.O.C. v. Ford Motor Credit Co.*,
  26 F.3d 44 (6th Cir. 1994) ...................................................................................11

*Fritz v. Charter Twp. of Comstock*,
  No. 07-1254, 2010 WL 1856481 (W.D. Mich. May 10, 2010) ..........................12

*Gen. Steel Domestic Sales, LLC v. Chumley*,
  No. 13-00769, 2014 WL 3057496 (D. Colo. July 7, 2014) ..................................5

*Haworth, Inc. v. Herman Miller, Inc.*,
  998 F.2d 975, (Fed. Cir. 1993) ...........................................................................13

*Hendricks v. Total Quality Logistics, LLC*,
  275 F.R.D. 251 (S.D. Ohio 2011) ....................................................................6,10

*I.E.E. Int'l Elecs. & Eng'g, S.A. v. TK Holdings Inc.*,
  No. 10-13487, 2014 WL 6909855 (E.D. Mich. Dec. 8, 2014) .............................9

*In re Subpoena to Schrader-Bridgeport Int'l, Inc.*, No. 16-50611, 2016 WL
  6662471 (E.D. Mich. Aug. 26, 2016)..................................................................16

*Kitchen v. Developmental Servs. Of Neb., Inc.*,
  No. 20-cv-08, 2022 WL 1094244 (D. Neb. April 12, 2022)...............................14

*Misc. Docket Matter No. 1 v. Misc. Docket Matter*
  *No. 2*, 197 F.3d 922 (8th Cir. 1999) ...................................................................10

*In re Modern Plastics Corp.*,
   577 B.R. 690 (W.D. Mich. 2017), *aff'd*, 890 F.3d 244
   (6th Cir.2018)…………………………………………………………………………..15

*Moon v. SCP Pool Corp.*,
   232 F.R.D. 633 (C.D. Cal. 2005) .......................................................................13

*Nurse Notes, Inc. v. Allstate Ins. Co.*,
   No. 10-14481, 2011 WL 2015348 (E.D. Mich. May 24, 2011)............................9

*O'Boyle v. Sweetapple*,
   No. 14-81250, 2016 WL 492655 (S.D. Fla. Feb. 8, 2016) ..................................16

*Oates v. Target Corp.*,
   No. 11-14837, 2012 WL 4513731,  (E.D. Mich. Oct. 2, 2012), *adopted*, 2012
   WL 6608752 (E.D. Mich. Dec. 18, 2012)............................................................9

*Precourt v. Fairbank Reconstruction Corp.*,
   280 F.R.D. 462 (D.S.D. 2011)............................................................................13

*S.G. v. W. Willow Fire Co.*,
   No. 16-04201, 2017 WL 11550403 (E.D. Pa. 2017) ..........................................10

*Stampley v. State Farm Fire & Cas. Co.*,
   23 F. App'x 467 (6th Cir. 2001).....................................................................6,10

*State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*,
   315 F.R.D. 220 (E.D. Mich. 2016)......................................................................5

*Surles ex rel. Johnson v. Greyhound Lines, Inc.*,
   474 F.3d 288 (6th Cir. 2007) .............................................................................15

*Tech v. United States*,
   284 F.R.D. 192 (M.D. Penn. 2012) ...................................................................15

*Tolliver v. Abuelo's Int'l, LP*,
   No. 20-3790, 2021 WL 3188420 (S.D. Ohio July 28, 2021)..............................13

*United States v. Columbia Broadcasting Sys., Inc.*,
   666 F.2d 364 (9th Cir. 1982) .............................................................................16

*United States v. Mills,*
   No. 16-20460, 2019 WL 76869 (E.D. Mich. Jan. 2, 2019)....................................8

*Usov v. Lazar,*
   No. 13-818, 2014 WL 4354691 (S.D.N.Y. Sept. 2, 2014)..................................11

*V Cars, LLC v. Israel Corp.*,
   No. 10-50984, 2011 WL 900309 (E.D. Mich. March 14, 2011) .....................7,14

*Vlad-Berindan v. NYC Metro. Transp. Authority*,
   779 F. App'x 774 (2d Cir. 2019).........................................................................13

**Statutes**

Wright & Miller, *Fed. Prac. & Proc.* § 2463.1 .................................................5, 11

**Rules**

Fed. R. Civ. P. 26(b)(1)........................................................................................6

Fed. R. Civ. P. 45(d)(3)(A) ...............................................................................5, 11

Fed. R. Civ. P. 45(c)(2)(A) .................................................................................4

Federal Rule of Civil Procedure 45 .......................................................................4

## BRIEF IN SUPPORT OF MOTION TO QUASH THE SUBPOENA

### INTRODUCTION

This litigation stems from an accident that took place in Jerusalem, Israel. Ms. Shirely Cohen, a resident of Israel, collided with another vehicle while driving her 2011 Alfa Romeo Giulietta, all in Israel. The airbag in the subject vehicle allegedly ruptured. The alleged rupture caused severe injuries to Ms. Cohen that ultimately proved fatal. Plaintiff Hadari Cohen, the representative of Ms. Cohen's estate, brought suit in the Middle District of Florida against Defendants Key Automotive and Key Safety Systems (d/b/a Joyson Safety Systems), the manufacturers of that airbag system, for Ms. Cohen's injuries and death.

Despite GM's lack of involvement with the subject vehicle or its airbags, Plaintiff subpoenaed information from non-party GM, requesting documents, data and communications GM may have regarding the inflators and airbags manufactured by Defendants. It's hard to know why. Alfa Romeo is not a GM brand, GM did not manufacture the vehicle or airbag at issue, GM was not involved in the accident in any way, and it is not a party to this action. Given how removed GM is from this case, it is difficult, if not impossible, to see how it could have any of the requested information at all, let alone any that is relevant to Plaintiff's claims. Moreover, even assuming GM has relevant information, the fact that this information is likely more easily available from either Defendant demonstrates that this subpoena will unduly

1

burden non-party GM. For these reasons, as fully set forth below, this Court should quash the subpoena.

## BACKGROUND

Based upon pleadings and motions filed in the Middle District of Florida, this case involves an accident that took place on May 11, 2020, in Jerusalem, Israel. *See* Ex. A, Plaintiff's Notice of Removal and State Court Complaint, PageID.9. Ms. Shirley Cohen was driving her 2011 Alfa Romeo Giulietta X Distinctive when she accidentally rear-ended another vehicle. *Id*. at PageID.13.

The accident involved enough force to trigger deployment of the driver's side airbag. *Id*. at PageID.13–14. During deployment, the airbag allegedly ruptured, supposedly from excessive internal pressures, propelling airbag components throughout the vehicle. *Id*. Ms. Cohen suffered multiple injuries as a result, including multiple fractures and internal bleeding. *Id*. at PageID.14. She was transported to a hospital where she died a week later. *Id*.

The vehicle involved in the accident was manufactured and sold by Alfa Romeo in 2011. *Id*. at PageID.11. GM does not own Alfa Romeo, and in no way controls or is related to Alfa Romeo beyond the fact that both companies make automobiles. The airbag module in Ms. Cohen's Giulietta was sold or supplied to Alfa Romeo by Defendant Joyson Systems; the inflator in the module, known as an ADI-D driver inflator, was manufactured and assembled by defendant Key

2

Automotive. *Id*. at PageID.11–12. It is undisputed that no GM vehicle was involved in the accident in any way.

Plaintiff's lawsuit against Defendants generally alleges that Key Automotive manufactured, and Joyson Systems supplied, a defective airbag module to Alfa Romeo when the vehicle was manufactured in 2011. *See generally id.* at PageID.12–15. Plaintiff raises several claims against Defendants, including negligence, gross negligence, strict products liability, and wrongful death all premised on this allegedly defective airbag. *Id*. at PageID.20–32. Unsurprisingly, given GM's lack of involvement in this matter in any way, shape, or form, the complaint never mentions GM.

Near the close of discovery, Plaintiff served a subpoena on GM. Ex. B, Subpoena. The subpoena requested five types of documents:

1. Documents, data, and communications with either Key Safety Systems or Joyson Safety Systems concerning modifications made in August of 2008 to the ADI-D manufacturing process. For the sake of clarity, this request seeks documents and communications concerning the change to the "Process Flow" for the manufacture of the ADI-D inflator, specifically including any change to or movement of the "Scan and Leak Test" operation.

2. Documents, data, and communications with either Key Safety Systems or Joyson Safety Systems concerning the 2017 modification of the design of the ADI-D inflator. For the sake of clarity, this request seeks documents and communications concerning the change to the number of pieces of foil and material covering the exhaust ports in the ADI-D inflators.

3

3. Documents, data, and communications with Joyson Safety Systems concerning the September of 2020 modification of the testing procedures for the ADI-D inflator.

4. Documents, data, and communications with Joyson Safety Systems concerning the "ADI-D inflator field event" report by Joyson Safety Systems concerning the May 11, 2020 rupture of an ADI-D inflator.

5. Documents, data, and communications concerning your communications with JSS concerning the May 11, 2020 rupture of an ADI-D inflator and any investigation related thereto. For the sake of clarity, this request includes documents and communications between Bob McHugh and Justin Ranson of Joyson Safety Systems and your employees Will Chavez and Dave McCormick.

Ex. B, p. 6. GM received this subpoena on April 12, 2024, with document production required by May 8, 2024. GM's counsel contacted Plaintiff's counsel, explaining the subpoena's defects and that GM would be objecting to the subpoena. Plaintiff's counsel has not withdrawn the subpoena in response, necessitating this motion.

## ARGUMENT

### I.      Legal Standard

Federal Rule of Civil Procedure 45 governs third-party subpoenas. Under this Rule, the "court for the district where compliance is required," here the Eastern District of Michigan,[1] "must quash or modify a subpoena that," among other things,

---

[1] While the underlying case is pending in the Middle District of Florida, the district court "where compliance is required" for this subpoena is this Court. GM's principal place of business is in Michigan and all the documentation Plaintiff seeks is located within this district. *See* Fed. R. Civ. P. 45(c)(2)(A) (listing the "place of compliance"

"subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Whether a subpoena subjects a witness to an undue burden "usually raises a question of the reasonableness of the subpoena," which involves balancing "the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." Wright & Miller, *Fed. Prac. & Proc.* § 2463.1 (3d ed. April 2023 Update); *accord Aslani v. Sparrow Health Sys.*, No. 08-298, 2009 WL 5892914, at *2 (W.D. Mich. Nov. 30, 2009), *aff'd*, 2010 WL 623673 (W.D. Mich. Feb. 18, 2010).[2] Courts grant motions to quash when the information sought is "overbroad, irrelevant, [or] unnecessary." *See Gen. Steel Domestic Sales, LLC v. Chumley*, No. 13-00769, 2014 WL 3057496, at *1 (D. Colo. July 7, 2014) (calling such a subpoena "an abuse of [Rule 45]").

Further, "[a] subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to

---

as "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person").

[2] Throughout, unless otherwise indicated, all emphases and alterations are added, and all internal quotation marks, citations, and footnotes, are omitted.

any party's claim or defense and proportional to the needs of the case." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). A party seeking discovery has the burden to show that "the documents are relevant." *Stampley v. State Farm Fire & Cas. Co.*, 23 F. App'x 467, 471 (6th Cir. 2001); *see also Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) ("[W]hen relevancy is not apparent on the face of the [subpoena], the party seeking the discovery has the burden to show the relevancy of the request.").

## II.    Analysis

The Court should quash the subpoena for two reasons: *First*, GM had nothing to do with this vehicle or accident, so it necessarily cannot have information relevant to this case. *Second*, the subpoena unduly burdens GM by requiring GM—a non-party who deserves special protection from burdensome discovery requests—to sift through years of irrelevant documents, all while likely Defendants possess any truly relevant documentation (if it exists at all).

### A. GM did not manufacture or sell the Alfa Romeo involved in Ms. Cohen's accident, is not a party to the underlying lawsuit, and has no interest in its resolution, and therefore the evidence sought by Plaintiff is irrelevant.

A party can discover evidence only if it is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiff bears the burden of showing that the subpoena seeks relevant information. *Stampley*, 23 F. App'x at 471; *Hendricks*, 275 F.R.D. at 253. Here, Plaintiff fails to sustain that burden and show the relevancy of

6

the evidence in GM's possession that is independent of what it can obtain from either Defendant.[3]

Examining Plaintiff's requests in the context of this lawsuit shows the irrelevance of their request. To begin, this lawsuit concerns a 2011 Alfa Romeo Giulietta—a car not manufactured or sold by GM. It involves an ADI-D inflator manufactured by Defendants, neither of whom are owned by GM. The accident took place in a foreign country and involved individuals unaffiliated with GM. In other words, GM has *no interest* in this lawsuit and nothing that Plaintiff seeks to show or recover has *anything* to do with GM. And Plaintiff's claims reveal this—nowhere is GM mentioned in any capacity in the complaint. Instead, Plaintiff's claims are against Defendants, premised on *their* manufacture and supply of an allegedly defective airbag to Alfa Romeo in 2011, knowing that the airbag was defective. *See generally* Ex. A.

Plaintiff's subpoena suffers from a fatal flaw: it fails to explain how any evidence in GM's possession is relevant to its case. The complaint does not even try, as it is devoid of details or even a mention of GM. This lack of any mention of GM in the complaint renders the requested information irrelevant. *See V Cars, LLC v.*

---

[3] Whatever information GM has that originated from either Defendant may be sought from that Defendant, regardless of relevancy. Requesting that information from non-party GM, rather than either Defendant, imposes an undue burden on GM. *See* § II.B., *infra*.

*Israel Corp.*, No. 10-50984, 2011 WL 900309, at *3 (E.D. Mich. March 14, 2011) (quashing a subpoena when non-party "Chrysler is not mentioned in the Amended Complaint at all"); *Braxton v. Heritier*, No. 14-12054, 2015 WL 5123613, at *2 (E.D. Mich. Aug. 31, 2015) (quashing a subpoena when the complaint "does not allege the involvement of other unnamed parties").

Moreover, the GM-specific documentation that Plaintiff seeks has nothing to do with their case. Plaintiff seeks "[d]ocuments, data, and communications" with either Key Automotive or Joyson Safety Systems (or both) regarding modifications that either Defendant made to the ADI manufacturing process. *See* Ex. B, p. 6. Plaintiff appears to believe that, based on communications GM had or may have had with either Defendant regarding their ADI-D inflator, GM has information—apart from what it can obtain from either Defendant—that can help with her case.

But Plaintiff offers no credible evidence to support this belief. For one, it is unknown if GM actually has any of the information sought by the subpoena in its possession. Plaintiff merely speculates that it is so, positing that GM *may* have evidence pertaining to its case against Defendants. But this Court has been clear—in both civil and criminal cases—that "mere speculation" or conjecture is not enough to show relevance and, by extension, support a subpoena request. *See, e.g.*, *United States v. Mills*, No. 16-20460, 2019 WL 76869, at *2 (E.D. Mich. Jan. 2, 2019) (stating that the "relevance requirement demand[s] more than the title of a document

8

and conjecture concerning its contents"); *I.E.E. Int'l Elecs. & Eng'g, S.A. v. TK Holdings Inc.*, No. 10-13487, 2014 WL 6909855, at *3 n.3 (E.D. Mich. Dec. 8, 2014) (holding that "speculat[ion]" and "bare conjecture" about possible "additional documents" was not enough to discover them); *Oates v. Target Corp.*, No. 11-14837, 2012 WL 4513731, at *2 (E.D. Mich. Oct. 2, 2012), *adopted*, 2012 WL 6608752 (E.D. Mich. Dec. 18, 2012) ("mere speculation" cannot show relevance); *Nurse Notes, Inc. v. Allstate Ins. Co.*, No. 10-14481, 2011 WL 2015348, at *2 (E.D. Mich. May 24, 2011) (denying a motion to compel because the plaintiff's relevance argument was "speculative at best"). That Plaintiff *might* find some relevant communication does not justify discovery against non-party GM.

But even assuming that GM has *any* evidence, that information in GM's possession will do nothing to assist Plaintiff. GM does not regularly possess information about 2011 Alfa Romeos or its airbags, let alone information about those topics beyond what the airbag manufacturers, Joyson Safety and Key Automotive, may possess. That's because the subject vehicle in the lawsuit is not a vehicle that GM manufactured, assembled, or distributed. And most of the information requested concerns documents or communications that happened long after Alfa Romeo even manufactured the 2011 Giulietta, so it cannot by nature show whether anyone knew that the vehicle was defective at the time of manufacture.

9

Further, GM's knowledge is irrelevant to this case. Independent documentation in the possession of a third party does not show that either *Defendant* had knowledge of the alleged defect. Whatever knowledge GM had of the alleged effectiveness or defectiveness of the ADI-D inflator says nothing of what Key Automotive or Joyson Safety may have known. So any independent information that GM may have, if it were to have any at all, is not relevant to the underlying litigation. *See Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) ("[D]iscovery may not be had on matters irrelevant to the subject matter involved in the pending action.").

At bottom, Plaintiff has the burden of showing that this documentation exists and why it matters to her case. *See Stampley*, 23 F. App'x at 471; *see also Hendricks*, 275 F.R.D. at 253 ("[W]hen relevancy is not apparent on the face of the [subpoena], the party seeking the discovery has the burden to show the relevancy of the request."). She fails to carry this burden. The complaint does not mention GM at all. The subpoena does not allege GM had involvement in designing or manufacturing these inflators, does not show the extent to which GM was involved with either Defendant, and does not explain why any of that matters to this case. Thus, Plaintiff offers no evidence indicating that non-party GM possesses anything, let alone anything relevant to this case, and any conjecture and speculation to the contrary does not warrant discovery against non-party GM. *See S.G. v. W. Willow Fire Co.*,

10

No. 16-04201, 2017 WL 11550403, at *3 (E.D. Pa. 2017) ("[W]here the relevancy of the information requested is in doubt, the fact that the discovery is sought from a non-party supports the finding that the material is not subject to discovery.").

### B. Producing the requested information will unduly burden GM when the documentation sought is irrelevant, overbroad, and cumulative of evidence that can be obtained from Defendants.

Under Rule 45, when a party serves a subpoena on a non-party, "the requesting party must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Braxton*, 2015 WL 5123613, at *1. If a non-party shows that producing the requested documents would cause undue burden or expense, the Court "must" quash the subpoena. Fed. R. Civ. P. 45(d)(3)(A). Whether a subpoena imposes an undue burden requires a court to "weigh the likely relevance of the requested material" against the burden "of producing the material." *E.E.O.C. v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994); *accord* Wright & Miller, *Fed. Prac. & Proc.* § 2463.1. This weighing "depends on such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Usov v. Lazar,* No. 13-818, 2014 WL 4354691, at *16 (S.D.N.Y. Sept. 2, 2014); *see also Bäumer v. Schmidt*, 423 F. Supp. 3d 393, 408 (E.D. Mich. 2019) ("[T]he court must limit the scope of discovery if it determines that the discovery is unreasonably cumulative or

duplicative or that it can be obtained from some other source that is more convenient, less burdensome, or less expensive.").

The subpoena request unduly burdens GM in several ways. *First*, as discussed previously, any information in GM's independent possession, if it exists at all, is irrelevant to this lawsuit. *See* § II.A., *supra*. GM did not manufacture the 2011 Alfa Romeo Giulietta and whatever information it may have related to Plaintiff's allegations about the ADI-D inflator is immaterial to Plaintiff's claims here.

*Second*, even if some relevant material came within the ambit of the subpoena, that material may be supplied by one of the party Defendants. *See Fritz v. Charter Twp. of Comstock*, No. 07-1254, 2010 WL 1856481, at *1 (W.D. Mich. May 10, 2010) ("Even if a matter is both nonprivileged and relevant, a district court still has discretion to further limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."). As written, the subpoena seeks independent information from GM as well as documentation provided to GM by Defendants. Such information, as described, is wholly irrelevant to this case. But even assuming that GM *might* have some pertinent information in its possession, that information will have necessarily been provided by, and is thus available from, Defendants. Because the subpoena, at its core, seeks information about Defendants' processes and products, Plaintiff *must* seek this information from them, not from non-party GM.

Because Plaintiff could, and should, receive this information from Defendants, this Court must quash the subpoena. Without a showing that Plaintiff has "attempted to obtain these documents from defendant[s]," requiring non-party GM "to produce these documents is an undue burden." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005). Indeed, this Court—and courts around the country—have long quashed subpoenas "directed to non-parties where the discovery sought was obtainable from a party to the litigation." *Bäumer*, 423 F. Supp. 3d at 408–09; *see also Tolliver v. Abuelo's Int'l, LP*, No. 20-3790, 2021 WL 3188420, at *2–3 (S.D. Ohio July 28, 2021) (collecting cases); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) ("[T]he district court could properly require Herman Miller to seek discovery from its party opponent before burdening the nonparty Allsteel with this ancillary proceeding."); *Vlad-Berindan v. NYC Metro. Transp. Authority*, 779 F. App'x 774, 778 (2d Cir. 2019) ("Duplicative and irrelevant demands for documents impose undue burden or expense." (cleaned up)); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena."). Given that Plaintiff seeks communications and information Defendants have, she can—and must—seek them from Defendants instead. *See Bäumer*, 423 F. Supp. 3d at 410 ("These documents

13

are more appropriately sought and more readily available from … the party-opponent.").

*Third*, this subpoena is overly broad. As written, the subpoena requires GM to conduct a broad review of its records, going back nearly 16 years. For example, Request 1 "concern[s] modifications made in August of 2008," and the others do so for events in subsequent years. So, as written, any document pertaining to these modifications is subject to disclosure, regardless of the date of the event; it could include documentation spanning years before or after any date identified in the subpoena. Such breadth is demonstrated by the only limiting word for each request—"concerning"—which is vague and undefined. *Cf. Kitchen v. Developmental Servs. Of Neb., Inc.*, No. 20-cv-08, 2022 WL 1094244 (D. Neb. April 12, 2022) ("vaguely describ[ing] documents such as 'contracts' or 'documentation for all services rendered'" is unduly burdensome). But any information from after the vehicle's manufacture in 2011 will not show whether Defendants had any knowledge of the alleged defectiveness predating the vehicle's manufacture. *See V Cars*, 2011 WL 900309, at *3 (noting a subpoena to be overbroad when it "exceed[ed] the scope" of the action and was "unlimited in scope regarding time … subject matter, type of document, venture, project or Chrysler entity").

This overly broad request is not tailored to the needs of this case. "Although a plaintiff should not be denied access to information necessary to establish her

claim, neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). As explained above, Plaintiff offers only speculation and conjecture as to why GM should produce this information. She seeks information or evidence that is in the possession of a party Defendant; she does not need to serve such a broad request for documentation on GM to prosecute her case expeditiously. And to the extent that Plaintiff may be seeking information for a possible claim against GM or any other party, that is wholly improper. *See Braxton*, 2015 WL 5123613, at *2 (seeking extraneous evidence "in order to explore a possible claim against [a] non-party … is not permitted by the Rules").

*Fourth*, the subpoena request runs afoul of GM's special protection as a non-party. Courts everywhere recognize that, because non-parties have no skin in the game, they deserve a heightened level of protection. *See, e.g.*, *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *In re Modern Plastics Corp.*, 577 B.R. 690, 702–03 (W.D. Mich. 2017), *aff'd*, 890 F.3d 244 (6th Cir. 2018) (stating that Rule 45's provisions give an extra layer of protection to non-parties because they "have no interest in the litigation"); *Tech v. United States*, 284 F.R.D. 192, 198 (M.D. Penn.

2012) (stating that courts are specially willing to protect non-parties). Courts therefore treat "nonparty status [as] a relevant factor" in the undue burden analysis because Rule 45 "prohibit[s] parties from shifting their significant litigation expenses to nonparties." *In re Subpoena to Schrader-Bridgeport Int'l, Inc.*, No. 16-50611, 2016 WL 6662471, at *1 (E.D. Mich. Aug. 26, 2016).

The Court's undue-burden analysis should duly account for and protect GM's non-party status. Although Rule 45 non-parties sometimes have a stake in the underlying litigation—e.g., a non-party parent company that wholly owns one of the litigants—that is not the case here. The complaint and record show that GM has no interest in this litigation. As such, it "should not be forced to subsidize an unreasonable share of the costs of a litigation to which [it is] not a party." *United States v. Columbia Broadcasting Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982). Any doubts regarding whether GM should be forced to take on the time and expense of searching for, reviewing, and producing these documents should be resolved in GM's favor. "Permitting this subpoena to proceed would cause the parties to run down a rabbit hole chasing irrelevant information on collateral matters, resulting in the needless and wasteful expenditure of time and money by the parties." *O'Boyle v. Sweetapple*, No. 14-81250, 2016 WL 492655, at *5 (S.D. Fla. Feb. 8, 2016). For all these reasons, the subpoena unduly burdens GM and should be quashed.

## CONCLUSION

This subpoena seeks irrelevant evidence that Defendants themselves can produce and the production of which would unduly burden GM. The Court should therefore quash the subpoena.

Respectfully submitted,

/s/ *William E. McDonald*
William E. McDonald (P76709)
**BUSH SEYFERTH PLLC**
100 W. Big Beaver Rd.,
Suite 400 Troy, MI 48084
Tel: (248) 822-7800
mcdonald@bsplaw.com

Dated: May 7, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2024, my assistant Robyn A. Goldberg electronically filed the foregoing with the Clerk of the Court using the ECF System, which will send notification to all ECF counsel of record.

By:   /s/ William E. McDonald
        William E. McDonald (P76709)